**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DAVID SCOTT,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Petitioner,　　　　　　　　) 　3:03-CV-0162-LRH-VPC
　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　) **ORDER**
DON HELLING, *et al.*,　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Respondents.　　　　　　　)
_____/

On January 5, 2006, the court entered an Order dismissing the habeas corpus petition in this case (docket #42). Judgment was entered on the same day (docket #43).

On February 3, 2006, petitioner filed a Notice of Appeal (docket #45) and an Application for Certificate of Appealability (docket #46). Respondents have filed an opposition to the application for a certificate of appealability (docket #50).

Petitioner paid the filing fee for this action, but has applied to proceed in *forma pauperis* on appeal (docket #49). Based on the financial information he provides, it appears that he does not have the means to pay the full filing fee. He shall be granted leave to proceed in *forma pauperis* on appeal.

The court will deny petitioner's application for a certificate of appealability. The standard for the issuance of a certificate of appealability calls for a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). The Supreme Court has interpreted 28 U.S.C. §2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000). Petitioner has not met this standard.

The court finds that jurists of reason would not find debatable the question whether petitioner's habeas corpus petition was filed within the time allowed by the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA) or that he is entitled to equitable tolling of the limitations period for three separate periods of time, contending his mental illness prevented him from filing his federal habeas corpus petition.

Following an evidentiary hearing, this court concluded that, while Scott did suffer from some mental health disability, the disability was not sufficient to have prevented him from filing his federal petition. The evidence presented demonstrated that Scott was able to pursue legal action. He simply chose the wrong action to pursue. Scott's mental health did not make it impossible to timely file his federal action. The Certificate of Appealability shall be denied.

///
///
///
///
///
///

1         **IT IS THEREFORE ORDERED** that petitioner's application for issuance of a certificate of appealability (docket #46) is **DENIED**.

        **IT IS FURTHER ORDERED** that petitioner's application to proceed in *forma pauperis* on appeal (docket #49) is **GRANTED**.

Dated this 27th day of March, 2006.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

-3-